# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES TATE & MARLENE WRIGHT, | ) | Case No.:_____ |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION** |
| | ) | |
| -against- | ) | |
| | ) | |
| ASSET ACCEPTANCE | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant, | ) | |

Plaintiffs, CHARLES TATE and MARLENE WRIGHT, on behalf of themselves (hereinafter "Plaintiffs"), by and through the undersigned, alleges against the defendant, ASSET ACCEPTANCE (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in addition to violations stemming from 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act (hereinafter TCPA).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.A. § 1367.

3.      Venue is proper in this district under 28 U.S.C § 1391(b)(2).

## PARTIES

4.      Plaintiffs are natural persons who, at all relevant times, resided at 219 N Connell St., Wilmington DE, 19805.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.     Defendant is a corporation doing business in the State of Delaware with an office located at P.O. Box 2036 Warren, MI 48090-2036.  Defendant is a "debt collector" as defined by 15 U.S.C § 1692a (6).

## FACTUAL ALLEGATIONS

6.     Defendant is attempting to collect an alleged debt from Plaintiff, Charles Tate's mother, Luella Tate.

7.     On or about October 1, 2009, Plaintiffs began receiving calls from Asset Acceptance at their home at number 302-656-9762 from Defendant.

8.     Around that same time, Plaintiffs advised Defendant that Ms. Luella Tate could not be reached at that number and requested the calls cease.

9.     Defendant continued calling Plaintiffs from that time until approximately May 14, 2013.

10.     There was no legitimate reason connected to debt collection for Defendant to continue calling Plaintiff.

11.     Between February 20, 2013 and May 14, 2013 Defendant called Plaintiff a total of 263 times.  See call log attached as Schedule A.

12.     Defendant called Plaintiffs as many as 12 times in one day.

13.     Defendant called Plaintiffs as late as 12:44 AM.

14.     Upon information and belief, Defendant used an automated dialing system to contact Plaintiffs.

15.     Plaintiffs suffered anxiety and extreme emotional distress as a result of Defendants' actions.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 (b)(B)

16.     Plaintiff repeats the allegations contained in paragraphs 1 through 15 and incorporates same as if set forth at length herein.

17.     The automated, prerecorded phone calls placed by Defendant to Plaintiffs' phone were made in violation of 47 U.S.C. § 227(b)(B).

18.     There was no established business relationship between the two parties.

19.     The call was not in furtherance of communicating any pending emergency situation.

20.     The calls were not reasonably made in connection with debt collection efforts.

21.     The call was not exempted by any rule or court order by the Commission under 47 U.S.C. § 227 (b)(B)(2)(B).

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## 15 U.S.C. §1692 c(c)

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 41 and incorporates same as if set forth at length herein.

23.     Defendant's first contact with Plaintiffs was in October of 2009.

24.     Plaintiffs requested Defendant cease all communications.

25.     Defendant continued calling Plaintiffs for the next three and a half years.

26.     Defendant's phone calls were made in violation of 15 U.S.C. § 1692(c)(c).

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## 15 U.S.C. §1692 d(5)

27.     Plaintiff repeats the allegations contained in paragraphs 1 through 26 and incorporates same as if set forth at length herein.

28.     Defendant's calls to Plaintiffs were not related to any good faith collection efforts.

29.     There is no reason for Defendant's phone calls to Plaintiffs beyond the harassment of Plaintiffs.

30.     Defendant's phone calls were made in violation of 15 U.S.C. § 1692(d)(5).

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## 15 U.S.C. §1692 b(3)

31.     Plaintiff repeats the allegations contained in paragraphs 1 through 30 and incorporates same as if set forth at length herein.

32.     Plaintiffs are third parties being contacted by a debt collector for the purpose of obtaining location information about a debtor.

33.     Plaintiffs advised Defendant repeatedly that they would not provide location information.

34.     Defendant continued calling Plaintiffs for the next three and a half years.

35.     Defendant's phone calls were made in violation of 15 U.S.C. § 1692(b)(3).

## COUNT V

## INVASION OF PRIVACY

36.     Plaintiff repeats the allegations contained in paragraphs 1 through 35 and incorporates same as if set forth at length herein.

37.     Defendants undertook a series of telephone calls and communications to Plaintiff constituting invasions of privacy and an invasion of the right of privacy of Plaintiff.  These communications were harassing, unreasonable, systematic, continuous, and were made in disregard for Plaintiffs right to privacy. These communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate Plaintiff into paying a claim, debt, or indebtedness.

38.     The invasions of the right of privacy were intentional, willful, and malicious, and violated Plaintiffs privacy. Plaintiff will prove that the telephone calls and communications were made by Defendants or initiated by agents of Defendants acting on behalf of Defendants.

39.     The communications constitute an unwarranted and wrongful intrusion into Plaintiffs private activities as well as intentional intrusion into Plaintiffs solitude and seclusion.

40.     Defendants have committed the acts complained of in this complaint in the State of Florida. As a proximate consequence of the invasion of the right of Plaintiffs privacy, Defendants have caused Plaintiff to suffer wrongful intrusion into Plaintiffs private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## JURY TRIAL DEMAND

41.     Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a)      That an order be entered declaring the Defendant actions, as described above, are in violation of the TCPA; and

b)      That an order be entered declaring the Defendant actions, as described above, are in violation of the FDCPA; and

c)    That judgment be entered against the Defendant for statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

d)    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

e)    That judgment be entered against the Defendant for treble damages be awarded to the Plaintiff pursuant to 47 U.S.C. § 227 (b)(B); and

f)    That judgment be entered on behalf of Plaintiff as to the state claim of Invasion of Privacy.

g)    That actual and punitive damages be awarded for Defendant's violation of state claim Invasion of Privacy.

f)    That the Court grants such other and further relief as may be just and proper.

Respectfully Submitted,


_____/s/ Vivian Houghton_____
Vivian Houghton, Esq. (DE Bar No. 2010)
800 North West Street, 2nd Floor
Wilmington, DE 19801
Phone: 302-658-0518
vivianhoughton@comcast.net
Attorney for Plaintiffs, Charles Tate & Marlene Wright


_____/s/ Puya Joseph Nili_____
Puya Joseph Nili, Esquire (pro hac vice application pending)
Law Office of Michael Lupolover
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
P (201) 461-0059 ext. 7039
pnili@lupoloverlaw.com
Attorney for Plaintiffs, Charles Tate & Marlene Wright


Dated: October 16, 2013

6